**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DANIEL CASTILLO,                           ::
Inmate No. 53622-019,                      ::
     Movant,                              ::
                                                   ::    CRIMINAL INDICTMENT NO.
     v.                                   ::    1:02-CR-0426-ODE-RGV-2
                                                   ::
UNITED STATES OF AMERICA,                  ::
     Respondent.                          ::

## <u>ORDER FOR SERVICE OF REPORT AND RECOMMENDATION</u>

Attached is the report and recommendation of the United States Magistrate

Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72.

Let the same be filed and a copy, with a copy of this order, be served upon counsel for

the parties.

Each party may file written objections, if any, to the report and recommendation

within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1).

Should objections be filed, they shall specify with particularity the alleged error(s)

made (including reference by page number to the transcript if applicable) and shall be

served upon the opposing party. The party filing objections will be responsible for

obtaining and filing the transcript of any evidentiary hearing for review by the district

court. If no objections are filed, the report and recommendation may be adopted as the

opinion and order of the district court and any appeal of factual findings will be limited to a review for plain error or manifest injustice. <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 10th day of June, 2011.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DANIEL CASTILLO,                              ::
Inmate No. 53622-019,                         ::
     Movant,                                ::
                                              ::     CRIMINAL INDICTMENT NO.
     v.                                     ::     1:02-CR-0426-ODE-RGV-2
                                              ::
UNITED STATES OF AMERICA,                     ::
     Respondent.                            ::

## FINAL REPORT AND RECOMMENDATION

This matter has been referred to the undersigned Magistrate Judge for consideration of movant Daniel Castillo's motion for leave to appeal in forma pauperis, [Doc. 145]. For the reasons stated below, the undersigned **RECOMMENDS** that the motion be **DENIED**.

## I.  PROCEDURAL HISTORY

On December 12, 2002, Castillo pleaded guilty, pursuant to a negotiated plea agreement, to conspiracy to possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and (vii) and 846 ("Count One"), and possession of cocaine, in violation of § 841(a)(1) and (b)(1)(A)(ii) and 18 U.S.C. § 2 ("Count Two"). [Doc. 86; Doc. 128 at 1]. Castillo faced a statutory maximum sentence of life imprisonment. [Doc. 126, Attach. A ¶ 5]. On June 11,

2003, the Court sentenced Castillo to 150 months of imprisonment on each count to run concurrently. [Doc. 114; Doc. 128 at 2]. Castillo did not file a direct appeal.

On June 8, 2004, Castillo, proceeding pro se, submitted a 28 U.S.C. § 2255 motion to vacate his sentence, arguing that he received ineffective assistance of counsel when his attorney failed to object during sentencing to the U.S.S.G. § 2D1.1(b)(1) firearm enhancement. [Doc. 122 at 4, Mem. at 5-8]. Approximately one month later, Castillo signed a pleading styled "Intervening Constitutional Law," citing Blakely v. Washington, 542 U.S. 296 (2004). [Doc. 124]. On November 5, 2004, the Court denied Castillo's § 2255 motion, finding that Castillo's challenge to his sentence was barred by his valid appeal waiver and that Blakely could not be applied to Castillo's sentence. [Doc. 128 at 7-14]. Both this Court and the United States Court of Appeals for the Eleventh Circuit denied Castillo a certificate of appealability. [Docs. 131, 138].

On March 14, 2011, Castillo filed a "Notice of Appeal of Final Sentence Pursuant to 18 [U.S.C.] § 3742," [Doc. 141], in which he contends that his sentence is illegal because the Court did not consider all of the factors under 18 U.S.C. § 3553(a), as required by Gall v. United States, 552 U.S. 38 (2007) and Rita v. United States, 551 U.S. 338 (2007). [Doc. 141 at 1]. Although not entirely clear, Castillo

2

appears to argue that his sentence should be reduced because he is a deportable alien. [Id. at 2-3].  On April 8, 2011, Castillo filed the pending motion for leave to appeal in forma pauperis ("IFP").  [Doc. 145].

## II. DISCUSSION

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  In the context of a criminal appeal, "good faith" is judged by an objective standard and is demonstrated when the defendant seeks review of any issue that is not frivolous.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  For the following reasons, the Court finds that Castillo's appeal is "frivolous."  28 U.S.C. § 1915(e)(2).  Accordingly, Castillo's motion to appeal IFP, [Doc. 145], is due to be denied.

Castillo asserts in his notice of appeal that this Court has jurisdiction to modify his sentence under 18 U.S.C. §§ 3231 and 3742.  However, neither of those statutes grant a district court authority to modify a sentence once the conviction is final.  The Court's authority to revisit a federal sentence is limited.  See 18 U.S.C. § 3582(b) (dictating that, except for modification as specifically provided for by law, a criminal

AO 72A
(Rev.8/82)

sentence is final) and § 3582(c) (governing sentence modification generally).[1]  For

Castillo, it is further limited by his appeal waiver, which states that he "voluntarily and

expressly waives the right to appeal his sentence and the right to collaterally attack his

sentence in any post-conviction proceeding on any ground" unless his sentence

exceeds the applicable sentencing guideline range or the government appeals.  [Doc.

126, Attach. A  ¶  4].    Moreover, because Castillo has previously filed an

unsuccessful § 2255 motion, any subsequent § 2255 motion that he filed would be

second or successive, requiring prior authorization from the Eleventh Circuit.  See 28

U.S.C. §§ 2255(h) and 2244(b)(3)(A).  Castillo has not obtained such authorization.

Under narrow circumstances, a federal prisoner may seek to challenge a federal

conviction and sentence via a 28 U.S.C. § 2241 habeas corpus petition.  In order to do

so, he must first establish the inadequacy of the remedy under § 2255.[2]  See Wofford

---

[1]Only 28 U.S.C. § 2255 conceivably applies to Castillo's claims.  A defendant's sentence may be modified "in three circumstances:  (1) upon motion of the Director of the Bureau of Prisons; (2) under Rule 35 [which allows sentence reduction to correct clear error within fourteen days of sentencing or on a government motion for substantial assistance] or as otherwise expressly permitted by statute; or (3) if the sentencing range has subsequently been lowered by the Sentencing Commission." United States v. McGranahan, 168 F. App'x 934, 937 (11th Cir. 2006).  None of these circumstances are present in this case.

[2]"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

4

v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).  This savings clause has limited

application, however, and is properly invoked only when:

> 1) [a] claim is based upon a retroactively applicable Supreme Court
> decision; 2) the holding of that Supreme Court decision establishes the
> petitioner was convicted for a nonexistent offense; and, 3) circuit law
> squarely foreclosed such a claim at the time it otherwise should have been
> raised in the petitioner's trial, appeal, or first § 2255 motion.

Id.  Gall and Rita, the Supreme Court cases that Castillo cites to support his argument

that the sentencing court must address all § 3553(a) factors, do not establish that he

was convicted of a nonexistent offense.  Further, the Eleventh Circuit recently held that

"the savings clause does not apply to sentencing claims, at least not to those where the

sentence imposed was within the statutory maximum."  Gilbert v. United States, No.

09-12513, 2011 WL 1885674, at *21 (11th Cir. May 19, 2011).  Because Castillo's

sentence did not exceed the statutory maximum sentence of life imprisonment, his

request for a sentence reduction may not be brought under § 2241.  Accordingly, the

Court lacks jurisdiction to revisit Castillo's sentence, and his notice of appeal is not

taken in good faith.

---

entertained if it appears that the applicant has failed to apply for relief, by motion, to
the court which sentenced him, or that such court has denied him relief, unless it also
appears that the remedy by motion is inadequate or ineffective to test the legality of his
detention."  28 U.S.C.A. § 2255(e).

5

### III.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Castillo's motion to appeal IFP, [Doc. 145], be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 10th day of June, 2011.


RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

6